UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STERLING PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

v.

RITTECH SERVICE & SALES, INC.,

    Defendant/Counter-Plaintiff.

Case No. 11-CV-561-JPS

ORDER

---

On June 10, 2011, the plaintiff, Sterling Products, Inc. ("Sterling") filed a complaint against the defendant, Rittech Service & Sales, Inc. ("Rittech"), alleging claims for a breach of contract, quantum meruit, and unjust enrichment. (Docket #1). After the court denied Rittech's motion to dismiss and denied Sterling's motion to stay pending arbitration (Docket #20), Rittech filed an answer and counterclaims against Sterling. (Docket #25). Rittech's counterclaims allege breach of contract, breach of Wisconsin's Sales Representative Act, and breach of Michigan's Sales Representative Act. On April 19, 2012, Rittech filed a motion for partial summary judgment on its three counterclaims. With the benefit of the parties' written submissions, the court is now prepared to rule on the motion.

1.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991).

"Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983). However, where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," there is no genuine dispute as to any material fact because a complete failure of proof "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Where a party fails to address another party's assertion of fact, the court may deem it undisputed for purpose of the motion and may

grant summary judgment if the movant is so entitled. Fed. R. Civ. P. 56(e)(2), (3); Civ. L. R. 56(b)(4).

2. Background[1]

Sterling manufactures equipment used by companies in the plastics industry which are incorporated into various plastics manufacturing processes – namely, extrusion and injection molding. Rittech is a manufacturing representative organization that represented manufacturing products produced by Sterling.

On June 19, 2003, Rittech and Sterling entered into a Sales Agent Agreement. The Sales Agent Agreement provided that Rittech has "exclusive sales rights on all applications within the following markets: Plastics within the Territory." In the Sales Agent Agreement, the territory was defined as the "entire state [of Michigan] including the Upper Peninsula." Rittech was paid a commission by Sterling for sales of its products. Another company, Paramco, Inc. ("Paramco"), also signed a Sales Agreement related to the plastics industry with Sterling with an effective date of June 11, 2003. (Docket #41-5). Paramco's agreement authorized it to sell all of Sterling's plastics products except those related to injection molding. (*Id.*).

3. Analysis

In this case, Rittech argues that it is entitled to summary judgment on its counterclaims because the undisputed facts establish that Sterling breached its exclusive Sales Agent Agreement with Rittech when it authorized the sale of its plastics products, through agents in Michigan other

---

[1] The facts are taken from the parties' proposed statements of fact, unless otherwise noted.

than Rittech – namely, Paramco – in violation of the Sales Agent Agreement's exclusivity terms. On the other hand, Sterling contends that it did not breach the Sales Agent Agreement because the agreement was not exclusive in the manner asserted by Rittech. In other words, Sterling contends both Rittech and Sterling understood the contract did not extend to the sale of products to customers in the plastics extrusion industry, but rather, only to customers in the plastics injection molding industry. Thus, Sterling maintains that Paramco's sale of Sterling products to customers in the extrusion industry did not violate the Sales Agent Agreement. Moreover, Sterling asserts that even if the parties' agreement extended to the extrusion industry, Rittech waived the exclusivity provision because it had knowledge of Paramco's sale of these products as early as 2006, yet it did not object to this arrangement until several years later, despite a clause in the Sales Agent Agreement that required such objections to be brought within six months of their discovery.

Accordingly, Sterling argues that questions of material fact exist such that summary judgment in favor of Rittech would be improper. The factual disputes center on three issues, including: (1) whether the parties intended the Sales Agent Agreement only to cover sales to customers in the plastics injection molding industry; (2) whether Rittech can be said to have waived the exclusivity provision of the Sales Agreement; and (3) whether Rittech failed to provide timely notice of its alleged claim to Sterling. The court agrees that several material factual disputes exist such that summary judgment in favor of Rittech would be improper.

First, it is undisputed that the Sales Agent Agreement contained a provision that Rittech "has exclusive sales rights on all applications within

the following markets: Plastics within the Territory [Michigan]." (Docket #14-2). It is further undisputed that, while the Sales Agent Agreement was in effect, Paramco was selling Sterling plastic products in Michigan. (Pl.'s Resp. to Def.'s PSMF ¶ 9). Thus, merely taking into account the plain language of the contract, it would appear that a breach of the "plastics" provision did occur.

However, under Wisconsin law, if a document is ambiguous or the parties rely on extrinsic evidence bearing on the intent of the parties to the contract regarding the writing when it was made, contract interpretation is a question of fact for the fact-finder. *See Topolski v. Topolski*, 335 Wis.2d 327, 343, 802 N.W.2d 482, 490 (Wis. 2011). Here, Sterling has offered extrinsic evidence of the parties' intent regarding the meaning of the term "plastics" as used in the Sales Agent Agreement.[2] While the contract itself speaks broadly – of only "plastics" – Sterling has submitted declarations from Michael Zvolanek ("Zvolanek"), its National Sales Manager, and from Thomas Breslin ("Breslin"), President and Chief Executive Officer of Sterling, indicating that, starting in 2003, Sterling retained Rittech as a manufacturing representative for the sole purpose of representing Sterling to the injection

---

[2]Rittech argues that the court should disregard this extrinsic evidence as Sterling intentionally failed to produce the evidence during the regular course of discovery and pretrial disclosures. Due to Sterling's failure to timely disclose the evidence, Rittech contends it has been prejudiced by being precluded from examining the relevant witnesses as to when the documents at issue were prepared and how they were distributed, among other things. Though the court takes issue with Sterling's less-than-forthright tactics, ultimately, the court finds this case is rife with factual disputes, necessitating trial. At trial, Rittech's present concerns will be alleviated as it will have the opportunity, if it so chooses, to examine witnesses concerning the documents now at issue.

molding industry in Michigan. (Zvolanek Decl. ¶10; Breslin Decl. ¶ 4) (Docket #'s 46-1, 46-2). Moreover, both Zvolanek and Breslin attest that Rittech was aware that its sales territory was limited to sales to injection molding customers in the state of Michigan. (Zvolanek Decl. ¶ 14; Breslin Decl. ¶ 8). Additionally, Sterling has submitted a press release that was allegedly sent to all Sterling representatives and the press sometime in 2003, identifying Rittech as the agency that "will handle Sterling's Injection Molding sales in the entire state of Michigan." (Breslin Decl. ¶ 7, Ex. B). Based on the above-cited evidence, the court finds Sterling has made a sufficient showing that a dispute exists concerning the intent of the parties regarding the meaning of the term "plastics" in the Sales Agent Agreement. As the scope of products covered by the Sales Agent Agreement bears upon the question of whether a breach of the agreement occurred, the court finds that Rittech is not entitled to summary judgment on its counterclaims.

While the dispute concerning the parties' understanding of the scope of the Sales Agent Agreement and what products it covered is enough to defeat summary judgment in favor of Rittech, it is worth noting that factual disputes also appear to exist concerning two other tangential issues in this case. First, assuming the Sales Agent Agreement gave Rittech exclusivity for all sales in Michigan – as Rittech claims it does – there is still a disputed factual question as to whether Rittech waived that exclusivity provision. Second, there is a factual dispute concerning the timeliness of Rittech's claim.

The Sales Agent Agreement contains a provision that prohibits any modifications to its terms absent written consent signed by both parties. In Wisconsin, "[a] signed agreement which exclude[s] modification or rescission except by a signed writing cannot be otherwise modified or rescinded…"

Wis. Stat. § 402.209(2). However, an attempt at modification, though it does not meet the requirements of § 402.209(2), can operate as a waiver. *See* Wis. Stat. § 402.209(4). "Waiver involves an inquiry into the intent of the parties," and it is typically an issue for the jury. *Allen O'Hara, Inc. v. Barrett Wrecking*, 898 F.2d 512, 518 (7th Cir. 1990). However, "the acts which are relied upon to modify a prior contract must be unequivocal in their character." *Am. Suzuki Motor Corp. v. Kummer, Inc.,* 65 F.3d 1381, 1386 (7th Cir.1995) (quoting *Nelsen v. Farmers Mut. Auto. Ins. Co.,* 4 Wis.2d 36, 90 N.W.2d 123, 134 (1958)). "Acts which are ambiguous in their character, and which are consistent either with the continued existence of the original contract, or with a modification thereof, are not sufficient to establish a modification." *Id.*

Here, Sterling argues that Rittech had knowledge of Paramco's representation of Sterling products in Michigan for several years before it first complained that this arrangement violated the Sales Agent Agreement. Sterling contends that this knowledge and acquiescence establish a waiver of the exclusivity provision. Moreover, Sterling argues that Rittech did not provide it with timely notice of its claim within the six-month window required by the Sales Agent Agreement. On the other hand, Rittech contends it did not learn of Paramco's representation and sales until late 2008, and thus it did not waive the exclusivity provision by way of acquiescence, nor did it file an untimely claim with Sterling. Because Sterling has offered evidence suggesting that Rittech knew of the Paramco arrangement as early as 2006, the court finds that factual disputes also exist concerning the waiver of the exclusivity provision and the timeliness of Rittech's claim to Sterling. Thus,

Page 7 of 8

Case 2:11-cv-00561-JPS   Filed 05/31/12   Page 7 of 8   Document 49

summary judgment in favor of Rittech is not warranted, and the court will deny Rittech's motion for partial summary judgment on its counterclaims.

Accordingly,

IT IS ORDERED that defendant's motion for partial summary judgment (Docket #42) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge